ERNEST HEIDLER, complainant,

*v.*

WERNER & COMPANY, a corporation, defendant.

[Decided March 11th, 1924.]

1. Where capital stock is issued in payment for property the judgment of the directors as to the value of the property is conclusive, in the absence of fraud.

2. Where one who had agreed to purchase stock in a corporation caused that corporation to make a mortgage to the owner of that stock, who was an officer and director of the corporation, on receipt of which the owner of the stock transferred it to the agreed purchaser, such transaction did not invalidate the mortgage, as the mortgagor parted with his stock and relinquished his official position in the corporation in consideration thereof.

3. Where fifty-five shares of the stock of the corporation were issued to the mortgagee as part of the transaction of purchase and sale, the value of such shares should not be set off against the amount due on the mortgage, the company not being insolvent.

On bill to foreclose. On pleadings and proofs.

*Messrs. Weinberger & Weinberger,* for the complainant.

*Messrs. Simonton & Mickel,* for the defendant.

LEWIS, V. C.

This is a bill to foreclose a mortgage for $15,000 given by the defendant corporation, Werner & Company, to the complainant, Ernest Heidler, on March 15th, 1920.

The corporation was formed in August, 1919, and the complainant was its principal stockholder. He was also the president and a director of the company. At the time of the incorporation one hundred and ninety-five shares of the capital stock, having a par value of $100 per share, were issued to Heidler, full paid and non-assessable, payment there-

for being made by real property conveyed by Heidler to the corporation at a valuation of $19,500, fixed by the directors. The total authorized capitalization of the company was $25,000, so that fifty-five shares of the capital stock remained unissued, after the transfer of the property by Heidler in payment for the one hundred and ninety-five shares had been accomplished. A small portion of the one hundred and ninety-five shares thus issued appears to have been transferred to Heidler's son, who became a co-director with complainant, and Werner was apparently the third member of the corporation.

In March, 1920, Paul Rose purchased from the Heidlers the one hundred and ninety-five shares of stock referred to. Not having the ready money with which to pay for the stock, he arranged for the execution and delivery of the mortgage in question by the corporation to complainant, in payment for the stock thus acquired. In addition to the mortgage for $15,000 the corporation also issued to Heidler the remaining fifty-five shares of its capital stock, which was also to be full paid and non-assessable. This was ostensibly to cover the difference between Heidler's original investment and the mortgage. Heidler thus was eliminated entirely from control of the company, retaining simply the fifty-five shares referred to, as against the one hundred and ninety-five shares transferred to Rose, and he thereupon ceased to be either a director or an officer of the corporation.

The corporation paid interest on this mortgage for one year and then defaulted. This bill to foreclose was thereupon filed.

The defendant contends that the mortgage is invalid because it was given to a director and officer of the corporation, and that complainant, in any event, should not be permitted to recover any amount due thereon in excess of what he actually paid into the corporation, insisting that the true value of the property transferred in payment for the original stock was not more than $10,000. Defendant also seeks to set off against any amount found to be due the complainant, the par value of the fifty-five shares of the capital stock issued

to Heidler at the time the mortgage was given, and for which it claims Heidler has never paid value.

There is no allegation or proof of insolvency, and the rights of creditors do not intervene. The controversy is between the original parties—the corporation and its obligee.

Our Corporation act (*P. L. 1896 p. 277* §§ *48, 49*) permits payment for capital stock to be made with property, and provides that in the absence of actual fraud the judgment of the directors as to the value of the property shall be conclusive. No fraud in this transaction has been proved, and, indeed, counsel for the defendant at the hearing specifically disclaimed fraud. The testimony further shows that this property has enhanced in value and is now worth approximately $50,000.

It is plain, therefore, that Heidler, at the time he took the mortgage now under foreclosure, parted with, not only his property rights in the corporation, but with his control and official positions therein, and that, had he retained his stock instead of transferring it to Rose, it would now be worth practically $50,000 to him. Rose, on the other hand, obtained the complete control of the corporation, and almost its entire capital stock. He saw the golden opportunity and availed himself of it.

I can see no reason why this defendant corporation should not perform its obligation, and the mortgage should be paid in full. Whatever, ultimately, may be the situation with regard to the fifty-five shares of the capital stock subsequently issued to Heidler, if insolvency should hereafter intervene, and a receiver be appointed—upon which no expression of opinion is at this time called for—the corporation, as between itself and Heidler, cannot complain, and is, therefore, not entitled to set off the par value of that stock as against the moneys due Heidler on the mortgage. I will therefore advise a decree in favor of the complainant and against the defendant for the full amount proved to be due upon the mortgage.